The error is not well assigned, and will also be over-ruled.

There is no reversible error disclosed by this record, and the judgment of the lower court, therefore, is affirmed, and the judgment and sentence of the court shall be executed on Friday, June 1st, 1900.

Mills, C. J., and Parker, J., concur.

---

[826.   May 3, 1900.]

# TERRITORY OF NEW MEXICO, Appellee, v. Le GRANDE E. PRATT, Appellant.

### SYLLABUS BY THE COURT.

HOMICIDE—SELF-DEFENSE—THREATS.—An anonymous communication, containing an implied threat, is admissible in evidence in connection with the testimony of the defendant charged with murder showing his belief and the grounds of such belief that the threat was attributable to the deceased.

*Appeal* from the District Court of Chaves county, Fifth Judicial District.   Reversed and remanded with directions.

Facts are stated in the opinion.

FREEMAN & CAMERON for appellant.

E. L. BARTLETT, Solicitor-General, for the Territory.

PARKER, J.—The appellant was convicted of murder in the third degree in the district court of the Fifth district in and for Chaves county, and brings the cause here by appeal. He assigns one error on the part of the court below which will be considered.

1.   It appears from the record that defendant had, at the end of an acrimonious litigation, been decreed certain rights to the use of water and a right to take and use the same, as

provided in the decree, which right he was exercising at and before the time of the homicide. Several days before the homicide he found posted on the headgate of his ditch the following notice:

"Mr. Pratt: Sr, you don't want to cut this water any moor unless you take it like the balance of the community if you shood cut it with out informing them

Wee will have to wait on you."

On the morning of the homicide he went to the headgate of his ditch, armed with a shotgun, in company with a friend. Shortly after arriving at the headgate the deceased and two other persons, all armed, came riding up to within a few feet of where defendant and his friend were and dismounted. Deceased stepped in front of his horse, toward defendant. At this point the testimony becomes conflicting. The Territorial witnesses say that deceased said something, which they did not understand, and reached his left hand to his right side as if reaching for an inside pocket; that then defendant jumped up on the other side of the ditch, his gun in hand, and said: "Don't you come," and presented his gun, and deceased grabbed for his pistol, and defendant fired and almost instantly deceased did the same. Defendant and his witness testify that when deceased stepped in front of his horse he said to defendant "You throw down that gun," at the same time drawing his pistol; that defendant then sprang to his feet and said "Don't you come;" that deceased presented his pistol and fired and defendant then returned the fire killing deceased. It was sought by the Territory to show that the defendant, knowing that deceased was a deputy sheriff and had a warrant for his arrest (which deceased in fact had, but did not make known to the defendant at the time of the homicide), determined not to submit to arrest and deliberately and maliciously killed deceased. Defendant, on the other hand, sought to show that he killed deceased in the reasonable exercise of the right of self-defense without knowledge of the warrant for his arrest, and believing deceased and his

companions had come to carry out the threat implied in the anonymous communication mentioned above. It therefore appears that the communication was important to the defendant as tending to show the circumstances as they appeared to him at the time he fired the fatal shot. The learned judge below excluded the communication upon the ground that it was not shown to have eminated from the deceased, nor was he shown to be in any way responsible therefor. But we think this action of the court was erroneous. The defendant offered to testify that he had good reason to believe, and did believe, that the deceased was the author of the communication. Whether that belief existed in the mind of the defendant or not, and whether is was reasonable from all the circumstances, or was too hastily drawn by defendant, were matters for the jury to determine. If the communication had been signed with the name of the deceased, it would have been clearly admissible, although the signature might, in fact, have been a forgery and the deceased entirely innocent of any connection with it. And if, for any reason other than the signature of deceased's name to the notice, defendant believed, and had a right to believe, that deceased was the author of the notice, it was likewise admissible in connection with defendant's testimony as to why, in his mind, the same was attributable to deceased.

HOMICIDE: Self-defense: threats.

For the reasons above stated, the judgment should be reversed and the cause remanded with instructions to grant a new trial, and it is so ordered.

Mills, C. J., Crumpacker and McFie, JJ., concur.